## AGRICULTURAL INSURANCE CO. et v SIELAND

Municipal Court of Lakewood

No. 14283.   Decided Sept. 24, 1940.

Snyder, Seagrave, Roudebush and Adrian, of Cleveland, for plaintiff.

P. H. McKinley, Cleveland, for defendant.

### OPINION

By WILLIAMS, J.

The question in this case arises by reason of the filing of a petition in Lakewood Municipal Court to recover damages sustained by reason of an automobile collision in the city of Lakewood.

One of the plaintiffs, Fred J. Wachsman, was the operator of one automobile; the defendant—Joseph Sieland, a resident of the state of Michigan, the

owner and operator of the other. The plaintiff—The Agricultural Insurance Company—is in the case by reason of a certain policy of insurance carried by the other plaintiff, providing among other things, for the protection for the plaintiff on account of any damages to his automobile in excess of Twenty-Five Dollars.

Service of summons upon the defendant in the action was had by virtue of the provisions of §6308-1 and 2 GC. Thereupon the defendant, through counsel, filed a motion for an order of the court to quash the service of summons for the reason that the court "does not have jurisdiction over the person of this defendant". The appearance of the defendant was entered solely for the purpose of the motion.

The question in the case therefore is whether this court can obtain jurisdiction of the person of this defendant for the purposes of this lawsuit by reason of the fact that service of summons upon the defendant was had under the provisions of the above referred-to sections of the General Code. These sections are now set forth:

"Sec. 6308-1. Service of process upon non-resident owners or operators of motor vehicles.—Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the State of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved. (115 v. 36, Sec. 1. Eff. June 1, 1933.)

"Sec. 6308-2. Process served, how and by whom.—Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state of the State of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of such service of such process." (115 v 36, Sec. 2. Eff. June 1, 1933).

It is to be noted, first of all, that §6308-1 provides for service of process upon any non-resident owner or operator of a motor vehicle in any civil suit instituted "in the courts of the state of Ohio" against such operator or owner. Particular attention is called to the language "in the courts of the state of Ohio", and emphasis accordingly placed on the conclusion that it was apparently the intention of the legislature to include any court having jurisdiction of the subject matter of the action. In this case, I take it, there is no question about this court not having jurisdiction of the subject matter.

It has been urged by counsel for the defendant that the Lakewood Municipal Court is a creature of statute and that its powers are only as broad as the statutes creating it.

We shall turn therefore to those sections of the statute creating the Lakewood Municipal Court, which have some application to the question under consideration. Sec. 1579-919 GC, sets forth the types and classes of cases and matters in which this court has original jurisdiction in the city of Lake-

436

wood. It would burden this opinion to unnecessary lengths to set forth this section of the statutes in full. It is sufficient to say that this court is provided with original jurisdiction in the city of Lakewood "in all civil actions and proceedings at law where the recovery of money or personal property of which the Common Pleas Courts have jurisdiction, when the amount claimed * * * does not exceed Two Thousand Five Hundred Dollars".

It can be taken for granted, therefore, that if the defendant in this case resided in the city of Lakewood, this court, by reason of the original jurisdiction vested in it by authority of this statute, would have the power to try and determine the issue between the parties. However, the defendant being a resident of the state of Michigan, the question originally propounded remains unanswered.

We go, therefore, to another section of the act creating the Lakewood Municipal Court, namely §1579-921 GC. This section deals with the jurisdiction of the court in ancillary and supplemental proceedings, both before and after judgment. It is to be noted that this section deals prominently with the matter of obtaining service of summons in certain classes of cases. Hereunder the court is empowered to invoke the many other sections of the General Code for the obtaining of service, which sections are outside of those employed, by the legislature, in setting up the act, creating the court.

For the purpose of clarity I quote that portion of this section as follows:

"In addition the plaintiff shall have an order of attachment against the property of the defendant in any civil action of which the municipal court has jurisdiction for the grounds enumerated in §10253 GC, and shall have service by publication in the manner provided by §10263 GC, and kindred sections. Service by publication may be further made in those cases coming within §11292 GC, in which the municipal court has jurisdiction, and said service by publication shall be made in the same manner and form as provided by §11293 to

§11299 GC, inclusive." (112 v 69; Sec. 12. Eff. June 20, 1927).

Attention is particularly directed to the use of the word "supplemental" and the language "and kindred sections". Supplemental means "to fill up or supply by additions", "to add something to", "to fill the deficiences of". Kindred means "related", "of like nature or properties", and I apprehend as used in this section of the General Code by the legislature, it means that this court can employ any section of the statutes, other than those specifically enumerated, for the purpose of properly bringing parties before the court, if such section or sections relates to the obtaining of service of summons. It is to be noted that the act creating this court became effective on June 20, 1927, whereas the section of the Code providing for service of process upon non-resident owners and operators of motor vehicles went into effect June 1, 1933. It seems to me to be apparent, therefore, that the language "and kindred sections" is broad enough to permit a conclusion that this court, having jurisdiction of the subject matter of the action, can, by the application of §§6308-1 and 2 GC, obtain jurisdiction over the person of the defendant for the purpose of this lawsuit. This supports the theory that it was in the legislative mind to give the courts of Ohio the same jurisdiction over non-resident operators and owners of automobiles as it would have if the party against whom the complaint is filed, was a resident of the locality in which the action arose.

There is this further observation to be made, namely, that actions for the recovery of money can not be filed in the Common Pleas Court if the amount claimed does not exceed $100.00. Therefore these statutes would be of no avail to a claimant having a cause of action for $99.99, unless Municipal Courts may apply them. If it is argued here that Justices of the Peace have jurisdiction under these sections, then the answer is that §1579-919 GC, §1 provides that the Municipal Court of Lakewood shall

have and exercise original jurisdiction "in all actions and proceedings of which Justices of the Peace have jurisdiction".

I have examined the several cases cited by counsel for the defendant in which the jurisdiction of municipal courts have been limited in actions filed, under §6308 GC. I hold that these have no application to the case at Bar, that they were all decided prior to the enactment of §§6308-1 and 2, and did not present the precise question now before the court. As far as I have been able to find, this is the first time the question we are here concerned with has been raised in Ohio.

For the reasons herein set forth, I am of the opinion that this court can obtain jurisdiction over  the person of the defendant in this action by virtue of the application of §§6308-1 and 2 GC.

The motion to quash service of summons will therefore be overruled, exceptions duly noted and the defendant given leave to move or plead further.